# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**

**Grand Jury Sworn on January 8, 2016**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 13-CR-161 (BJR)** |
| | |
| **v.** | **UNDER SEAL** |
| | |
| | **21 U.S.C. §§ 959, 960, 963** |
| | **(Conspiracy to Distribute Five** |
| **RODOLFO LÓPEZ-IBARRA,** | **Kilograms or More of Cocaine for** |
| also known as "Gordo Pipero," | **Importation into the** |
| "Gordo 41," "Nene," "Nito," "Jaimillo," | **United States)** |
| "Patricio," "Jymy," "Lucas," "Moet | |
| Chandon" and "Vatirri" | **18 U.S.C. § 2** |
| | **(Aiding and Abetting)** |
| Defendant. | **21 U.S.C. § 853** |
| | **21 U.S.C. § 970** |
| | **(Criminal Forfeiture)** |

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### COUNT ONE

From in or about January 2003, and continuing thereafter, up to and including December 2016, both dates being approximate and inclusive, in the countries of Mexico, Colombia, Guatemala, and elsewhere, Defendant **RODOLFO LÓPEZ-IBARRA, also known as "Gordo Pipero," "Gordo 41," "Nene," "Nito," "Jaimillo," "Patricio," "Jymy," "Lucas," "Moet Chandon," and "Vatirri"** and others known and unknown to the Grand Jury and not indicted herein, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree to commit the following offense against the United States of America: to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a

Schedule II controlled substance, knowing, intending, and having reasonable cause to believe

that such substance would be unlawfully imported into the United States, in violation of Title 21,

United States Code, Sections 959 and 960; all in violation of Title 21, United States Code,

Section 963; and Title 18, United States Code, Section 2.

With respect to the Defendant, the controlled substance involved in the conspiracy

attributable to him as a result of his own conduct, and the conduct of other conspirators

reasonably foreseeable to him, is 5 kilograms or more of a mixture and substance containing a

detectable amount of cocaine, in violation of Title 21, United States Code, Sections

960(b)(1)(B).

> (Conspiracy to distribute five kilograms or more of cocaine for importation into
> the United States in violation of Title 21, United States Code, Sections 959, 960
> and 963, and aiding and abetting in violation of Title 18, United States Code,
> Section 2.)

## CRIMINAL FORFEITURE ALLEGATION

The United States hereby gives notice to the Defendant that upon conviction of the Title

21 offense alleged in Count One of this indictment, the Government will seek forfeiture in

accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting

or derived from any proceeds the Defendant and his co-conspirators obtained directly or

indirectly as a result of the alleged Title 21 violation, and all property used or intended to be used

in any manner or part to commit and to facilitate the commission of such offense.

Said property includes, but is not limited to:

A sum of money equal to all proceeds the Defendant and his co-conspirators obtained

directly or indirectly as a result of the Title 21 offense charged in this indictment, and all

property used or intended to be used to facilitate such offenses, that is, not less than a sum of

money representing the amount of funds involved in the offense, and all interest and proceeds

traceable thereto; in that such sum, in aggregate, was received by the Defendant and his co-conspirators in exchange for the distribution of controlled substances or is traceable thereto. If any of the above-described forfeitable property, as a result of any act or omission of the Defendant –

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21, U.S.C. § 853(p)  to seek forfeiture of any

other property of the said Defendant up to the value of the above forfeitable property.

      (Criminal Forfeiture, in violation of Title 21, United States Code, Sections 853
      and 970.)

                        A True Bill.


_____
Foreperson

_____
Arthur G. Wyatt
Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C.  20530


By:_____
Jason Ruiz
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530